**LOUISVILLE LODGE NO. 6, FRATERNAL ORDER OF POLICE and Bert J. Heuser, Appellants,**

v.

**George BURTON, Director of Public Safety and Louisville Civil Service Board, Appellees.**

Court of Appeals of Kentucky.

Jan. 31, 1975.

Manny H. Frockt, Frockt & Benovitz, P.S.C., Louisville, for appellants.

James E. Thornberry, Director of Law, John V. Hanley, Asst. Director of Law, Louisville, for appellees.

CULLEN, Commissioner.

This appeal presents the issue of whether KRS 90.220(2) properly and validly was construed by the circuit court as forbidding a person in the classified service of the City of Louisville from becoming a candidate for a party nomination for an elective office of the city.

Bert J. Heuser, a police officer of the City of Louisville, sought nomination in the primary as the Democratic candidate for the office of city alderman. When he refused to withdraw he was suspended by the Chief of Police for alleged violation of KRS 90.220(2). The suspension was approved by the Director of Public Safety of Louisville and by the Louisville Civil Service Board. Thereafter Heuser and Louis-

ville Lodge No. 6, Fraternal Order of Police, as collective bargaining representative for some 600 policemen of Louisville, brought the instant action in the circuit court seeking a declaration that the statute does not prohibit a person in the classified service from becoming a candidate for a party nomination for an elective office of the city, and a judgment restoring Heuser to his position with back pay.

The circuit court entered judgment dismissing the complaint, based on findings that the statute by necessary implication prohibited a person in the classified service from becoming a candidate for a party nomination for an elective office of the city, and a conclusion that the constitutionality of the statute was not in issue. The plaintiffs have appealed from the judgment and this court has permitted the filing of an amicus curiae brief on behalf of the Louisville Professional Firefighters Association, Local No. 345, I.A.F.F., which brief of course makes arguments in support of a reversal of the judgment.

■ The appellants do not in terms argue that KRS 90.220(2) is unconstitutional. Their principal argument is that it does not prohibit a candidacy of the nature here involved. However, a part of that argument is that the statute should not be construed to make such a prohibition because such a prohibition would be unconstitutional. The brief amicus curiae directly argues that if the statute is to be so construed it is unconstitutional.

The statute is as follows:

"No person in the classified service, and neither the personnel director nor any member of the board, nor the chief of police, assistant chief of police, chief of firemen, assistant chief of firemen, shall directly or indirectly, give, solicit, receive, or remit, any assessment, subscription, or contribution, to or for any political party or any candidate for public office, or in any manner be concerned therewith; nor shall any such person be a member of any campaign committee or governing committee of any political organization nor an officer in either; nor shall any such person be an election officer or work at the polls on election day, or participate in the purgation or registration of voters, provided, however, nothing herein shall prevent any such person from freely expressing his or her views as a citizen or from casting his or her vote in any election."

Putting aside the constitutional considerations, this court agrees with the circuit court that the statute by necessary implication does prohibit a person in the classified service from becoming a candidate for a party nomination for an elective office of the city. The express words of the statute forbidding a person in the classified service from making a contribution to a candidate or in any manner being concerned with a candidate do not purport to apply only to candidates other than the person himself. This court is of the opinion that the obvious purpose of the statute to forbid partisan political activity by persons in the classified service would be frustrated if candidacy was not embraced in the prohibition.

■ There is a serious question, however, of whether the statute constitutionally may make such a prohibition other than in express unequivocal words. In United States Civil Service Commission v. National Association of Letter Carriers, 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796, the Supreme Court held that a statute *in plain and understandable language* may forbid a civil service employe from becoming a partisan candidate for, or campaigning for, an elective public office.[1] The

I. This eliminated any precedential force of the holding of such cases as Minielly v. State of Oregon, 242 Or. 490, 411 P.2d 69, that a state does not have a sufficient compelling government interest to bar an employe's First Amendment right to be a candidate for a public office.

Court in the Letter Carrier case found that the prohibitions of the Hatch Act were sufficiently clear and understandable in that the pre-1940 rules of the Civil Service Commission, to which the Act made reference for construction, were plain and unequivocal.

This court is of the opinion that the implication in KRS 90.220(2) of the prohibition against candidacy is so obvious that the prohibition may be considered to be expressed in plain and understandable language within the requirement of the Letter Carrier case.

The judgment is affirmed.

All concur.