CITY OF LOUISVILLE et al., Movants,

v.

Marjorie FitzGERALD et al.,
Respondents.

Supreme Court of Kentucky.

Dec. 19, 1978.

John T. Fowler, III, Sallie S. Haynes, George S. Schuhmann, Louisville, for movants.

Frank A. Logan, Ben J. Talbott, Jr., Charles D. Greenwell, Louisville, for respondents.

JONES, Justice.

The question here is whether the circuit court correctly construed KRS 90.220(2) to prohibit attendance at a political convention by a person in the classified service of the City of Louisville, Kentucky, who had attained civil service status.

Marjorie FitzGerald is employed by the Louisville and Jefferson County Board of Health. As an employee of that agency, she has civil service status under KRS Ch. 90 and the Rules and Regulations adopted by the Louisville Civil Service Board. In July 1976, while so employed, Mrs. FitzGerald attended the Democratic National Convention at her own expense as a voting delegate. Upon her return she was terminated from her employment for having engaged in political activity prohibited by KRS 90.220(2).

Mrs. FitzGerald appealed her termination to the Louisville Civil Service Board, which reinstated her to employment without back pay. That decision was appealed to the Jefferson Circuit Court by the Louisville-Jefferson County Board of Health and the City of Louisville. The trial court held Mrs. FitzGerald's attendance at the convention violated KRS 90.220(2) and ordered her employment terminated.

The Court of Appeals reversed the decision of the circuit court with directions that Mrs. FitzGerald be reinstated to her employment. The City of Louisville and the Louisville Civil Service Board moved this court for discretionary review. That motion was granted.

The City of Louisville and Louisville Civil Service Board contend KRS 90.220 prohibits a civil service employee from becoming a delegate to a national political convention. KRS 90.220(2) provides as follows:

"No person in the classified service, and neither the personnel director nor any member of the board, nor the chief of police, assistant chief of police, chief of fire fighters, or assistant chief of fire fighters, shall, directly or indirectly, give, solicit, receive or remit, any assessment,

subscription, or contribution, to or for any political party or any candidate for public office, or in any manner be concerned therewith; nor shall any such person be a member of any campaign committee or governing committee of any political organization nor an officer in either; nor shall any such person be an election officer or work at the polls on election day, or participate in the purgation or registration of voters, provided, however, nothing herein shall prevent any such person from freely expressing his or her views as a citizen or from casting his or her vote in any election."

The Rules and Regulations of the Louisville Civil Service Board simply incorporate the language of KRS 90.220(2) without interpreting or clarifying it. See *Louisville Civil Service Rule XIV.*

The City of Louisville and the Louisville Civil Service Board submit that Mrs. Fitz-Gerald traveled to and from New York City at her own expense to advance the presidential candidacy of Morris Udall, and that while in New York she voted on such matters as party platform and presidential nominees. They argue that these activities constitute a two-fold violation of the statute at issue: (1) her travel expenditures in furtherance of Udall's campaign amount to an indirect contribution for a candidate for political office; (2) her service as a voting delegate makes her a member of a governing committee of a political organization.

This court finds no merit in the argument that KRS 90.220(2) forbids attendance at political conventions by classified employees. Although it is unquestionable that active participation in partisan politics by classified employees may constitutionally be prohibited, *United Public Workers v. Mitchell,* 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947), such prohibition must be expressed "in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with . . . ." *See Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). KRS 90.220(2) does not prohibit attendance at political conventions

in plain and understandable terms; its proscriptions are phrased in language so ambiguous that reasonable people can in good faith disagree as to the scope of the political activities it forbids. For that reason, the judgment of the Court of Appeals is affirmed.

Nothing in *Louisville Lodge No. 6, Fraternal Order of Police v. Burton,* Ky., 518 S.W.2d 777 (1975), requires a contrary result. This court held in *Burton* that KRS 90.220(2) by necessary implication prohibits a person in the classified service from becoming a candidate for party nomination for an elective office. The statute does not by necessary implication prevent one from becoming a delegate to a party convention. Candidacy for office inevitably entails the performance of acts forbidden under the statute, e. g., solicitation of contributions; service as a delegate need not involve the employee in expressly prohibited activities. This court holds that those acts which are not prohibited in plain and understandable language or by necessary implication therefrom are permitted.

The judgment of the Court of Appeals is affirmed.

All concur except STEPHENSON, J., who dissents.

STERNBERG, J., not sitting.